FILED LODGED RECEIVED

NOV - 1 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

CV 02 01691 #00000012

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HELEN COLLIER

Plaintiff,

v.

KING COUNTY DEPARTMENT OF YOUTH SERVICES, *et al.*,

Defendants.

Case No. C02-1691L

ORDER GRANTING MOTION TO AMEND COMPLAINT AND REMAND

## I. INTRODUCTION

This matter comes before the Court on a motion by the plaintiff, Helen Collier ("Collier"), to amend her complaint and to remand this case to King County Superior Court. The defendants, King County Department of Youth Services, *et al.* (collectively, "Defendants"), oppose the motion. For the reasons set forth in this Order the Court grants Collier's motion.

## II. DISCUSSION

Collier originally filed this action in King County Superior Court on July 18, 2002. On August 15, 2002, Defendants removed the action to this Court on the basis that Collier's claim for punitive damages pursuant to 42 U.S.C. § 1981 constitutes a federal





question. Collier now contends that the inclusion of the 42 U.S.C. § 1981 sentence "was a simple oversight" and that she "does not intend to pursue any relieve [sic] under any federal statute." (Motion at 2). Collier therefore moves to amend her complaint to eliminate the reference to 42 U.S.C. § 1981 and moves to remand the action to King County Superior Court.

Fed. R. Civ. P. 15(a) articulates a liberal policy favoring motions to amend pleadings and directs courts to grant such leave "when justice so requires." The Supreme Court has instructed district courts to grant leave freely in the absence of factors such as undue delay, bad faith, undue prejudice, or repeated failure to cure deficiencies by amendments previously allowed. See Forman v. Davis, 371 U.S. 178, 182 (1962). The party opposing the amendments bears the burden of establishing actual and undue prejudice or bad faith. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Although Defendants implicitly argue that the motion to amend is an attempt to defeat removal to federal court, Defendants have not established "actual and undue prejudice or bad faith." Rather, Collier appears to have referred to 42 U.S.C. § 1981 by mistake. The Court therefore grants Collier's motion to amend.

The amendment eliminates the only claim for which this Court possessed original jurisdiction. When all claims for which a federal court possessed original jurisdiction are eliminated, "the balance of factors will weigh toward remanding any remaining pendent state claims to state court." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991); see also 28 U.S.C. § 1367(c)(3) (permitting court to decline to exercise supplemental jurisdiction when all claims for which court possessed original jurisdiction are dismissed). However, where substantial judicial resources have already been committed and remanding would cause a duplication of effort, the district court may

properly retain jurisdiction over state law claims. Schneider v. TRW, Inc., 938 F.2d 986, 994-95 (9th Cir. 1991). Defendants note that the Court has already issued an order regarding initial disclosures, the joint status report, and early settlement. However, that order does not constitute the "substantial judicial resources" that would cause this Court to retain jurisdiction over the state law claims. Therefore the Court grants Collier's motion to remand.

## III. CONCLUSION

For the foregoing reasons, Collier's motion to amend her complaint and to remand this action is GRANTED. The Clerk of the Court is directed to file Collier's proposed first amended complaint and to transmit a copy of the file to King County Superior Court. The Clerk of the Court is also directed to send a copy of this Order to all counsel of record.

DATED this 1st day of November, 2002.

Robert S. Lasnik
United States District Judge